UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

DONALD LOCKETT                            CIVIL ACTION NO. 6:10-cv-01541

VERSUS                                    JUDGE MELANÇON

ALLSTATE INSURANCE COMPANY                MAGISTRATE JUDGE HANNA

### REPORT AND RECOMMENDATION

(Rec. Doc. 8)

Before this Court is defendant Allstate Insurance Company's motion to dismiss (Rec. Doc. 8).  The motion is opposed.  For the reasons set forth below, the undersigned recommends that the motion be converted to a motion for summary judgment and granted.

### FACTUAL BACKGROUND

Donald Lockett filed this action in the 16th Judicial District Court, Iberia Parish, Louisiana, on September 1, 2010.  The only defendant in the lawsuit, Allstate Insurance Company, removed the action to this Court on October 8, 2010. (Rec. Doc. 1).  Allstate then filed a motion to dismiss the complaint.  (Rec. Doc. 8).

In the complaint, Lockett alleges that his property located at 6410 Harden Street, Lydia, Louisiana, was damaged by Hurricane Gustav in September 2008, and

that his insurer, Allstate, "paid a grossly insufficient sum to satisfy plaintiff's losses under the policy." (Rec. Doc. 1-2 at ¶9). Lockett claims that Allstate breached the insurance contract and violated Louisiana statutes requiring insurance companies to adjust claims in good faith. But Lockett did not attach a copy of the alleged insurance policy to his complaint nor did he identify the policy in any way.

Allstate submitted the affidavit of claims adjuster Daniel Murphy (Rec. Doc. 1-3), in which Murphy states that his review of Allstate's business records revealed that there was no Allstate homeowners' policy insuring Lockett when Hurricane Gustav made landfall. Lockett does not refute this evidence.

## ANALYSIS

**I.  THE STANDARD FOR CONVERTING A RULE 12(B)(6) MOTION TO DISMISS INTO A MOTION FOR SUMMARY JUDGMENT**

A motion to dismiss for failure to state a claim, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, is appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim.[1] When considering such a motion, a district court must limit itself to the contents of the pleadings, including

---

[1] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

any attachments thereto.[2] The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff.[3] Conclusory allegations and unwarranted deductions of fact are not accepted as true.[4] Thus, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[5]

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[6] Although a complaint need not set forth *detailed* factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"[7] If the plaintiff fails to

---

[2] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[3] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted), quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[4] *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982), citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974); *Collins*, 224 F.3d at 498.

[5] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

[6] *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[7] *Bell Atlantic v. Twombly*, 550 U.S. at 555 (citations, quotation marks, and brackets omitted). *See also Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1950 (2009).

allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[8]

If the district court considers information outside of the pleadings in deciding a Rule 12(b)(6) motion, the court must treat the motion as a motion for summary judgment.[9] Summary judgment is appropriately granted when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.[10]

## II. ALLSTATE IS ENTITLED TO SUMMARY JUDGMENT BECAUSE LOCKETT CANNOT PROVE THE EXISTENCE OF AN INSURANCE POLICY

This is a diversity suit regarding an insurance policy allegedly issued to a policyholder in Louisiana, and is thus governed by Louisiana law.[11] Under Louisiana law, it is well-settled that the insured bears the burden of proving the existence of the

---

[8] *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[9] Rule 12(d) of the Federal Rules of Civil Procedure; *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004).

[10] Rule 56(a) of the Federal Rules of Civil Procedure.

[11] *Guidry v. American Public Life Ins. Co.*, 512 F.3d 177, 181 (5th Cir. 2007); *Am. Int'l Specialty Lines Ins. Co. v. Canal Indem. Co.*, 352 F.3d 254, 260 (5th Cir. 2003).

policy and coverage, while the insurer bears the burden of proving the applicability of policy exclusions.[12] Thus, Lockett must prove that the policy exists.

In this case, however, Lockett neither attached a copy of the policy to his complaint nor did he refer to it by policy number. He provided no information whatsoever that would permit the Court to identify the policy or to distinguish the policy under which he seeks to recover from any other insurance policy. On the other hand, Allstate submitted the affidavit of its employee who reviewed Allstate's business records and determined that there was no policy of homeowners' insurance, that was issued by Allstate to Lockett, that was in force at the time of Hurricane Gustav. Despite having an opportunity to do so, Lockett has offered nothing to refute this evidence.

Furthermore, according to the memorandum filed in response to Allstate's motion to dismiss, Lockett's counsel has been unable to contact him by mail or by telephone since August 31, 2010, and Lockett failed to appear at a hearing on November 29, 2010 despite having been ordered to do so. (Rec. Doc. 11).

---

[12] *Tunstall v. Stierwald,* 2001-1765 (La. 02/26/02), 809 So.2d 916, 921; *Dickerson v. Lexington Ins. Co.*, 556 F.3d 290, 295 (5th Cir. 2009).

The undersigned recommends that the pending motion to dismiss (Rec. Doc. 8) be converted, by *sua sponte* order, into a motion for summary judgment, and that the affidavit submitted by Allstate be considered in deciding the motion.

In order to defeat the motion, Lockett must satisfy the threshold burden of proving that his property was insured by Allstate when Hurricane Gustav struck. Lockett has not met this burden and, since Allstate has established that no homeowners' policy insured Lockett when Hurricane Gustav came ashore, he cannot do so. Because Lockett cannot satisfy this fundamental evidentiary burden, it is recommended that Lockett's claim should be dismissed.

## Conclusion

The undersigned finds that Lockett must bear the burden of proving the existence of the insurance policy under which he seeks to recover. The undersigned further finds that, considering the evidence presented by Allstate in the form of its adjuster's affidavit, Lockett has not met – and cannot meet – that burden. The undersigned recommends that Allstate's pending motion to dismiss (Rec. Doc. 8) be converted to a motion for summary judgment so that evidence beyond the pleadings, namely, the affidavit submitted by Allstate, may be considered. The undersigned finds that Lockett cannot prove that he was insured by Allstate when Hurricane

Gustav struck, and further finds that Lockett was not insured by Allstate at that time. Accordingly, it is recommended that Allstate's motion for summary judgment be granted and Lockett's complaint be dismissed.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plan error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 7th day of December, 2010.

-7-